[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
These are petitions to enforce mechanics liens in each of which subcontractors and other intervenors have filed accounts and demands. Defendants filed answers with many trimmings, parts of which have been heretofore disposed of by earlier rulings of the Court. Defendants also filed third party actions against individual defendants Ficke, Paquette and Rinde-Thorsen.
Before the Court are motion for summary judgment by third party defendants, against defendants-third party plaintiffs, and amended motion for summary judgment by defendants-third party plaintiffs against third party defendants Ficke and Rinde-Thorsen, third party defendant Paquette, originally named, having since gone into bankruptcy.
Defendants contracted for house renovations with the Sakonnet Group. The contract was signed by Peer Rinde-Thorsen, "Vice president, Construction, Sakonnet Group." It is uncontradicted that a corporate entity, Sakonnet Housesmiths, Inc. was the principal, and that the three originally named third party defendants were its officers. That corporation is in receivership.
To avoid personal liability on a contract entered into by an agent in behalf of his principal " — not only the fact that his acting as an agent but also the identity of his principal must be made known to the other party to the contract — ." Smith v.Pendleton, 53 R.I. 79. Sakonnet Housesmiths, Inc. had filed with the Secretary of State a certificate showing that the Sakonnet Group was its fictitious name, and argues that in so doing the individual third party defendants are not personally liable. The weight of authority holds that such filing affords no protection to those individuals under circumstances here present. See, e.g.,Robinson St. John Advertising v. Lane, 557 So.2d 908 (Fla. App. 1990).
If that were all there were to these cases as they stand before the Court, it would be inclined to deny third party defendants motion for summary judgment and grant defendants-third party plaintiffs amended motion on the issue of liability only. But, by order of the Court entered October 29, 1990 these cases were consolidated. Thereafter, on January 18, 1991, a dismissal stipulation bearing the caption of both cases was filed, the substance of which dismissed the Humphrey petition and defendants' counterclaims against Humphrey with prejudice. In the remaining case, O'Connell, the parties are the same as in the Humphrey case. And defendants have no basis for recovery against third party defendants until liability, and amount thereof, are established in the primary lawsuit. And in the Humphrey case, (and the Court assumes it was settled), it will be defendants' duty to establish reasonableness of settlement, even though liability is established if and when O'Connell is disposed of on the merits. The Court is satisfied it would be idle to grant partial summary judgment here because of the remaining issues which must be addressed. Both motions are denied.